FILED _____ ENTERED
LOGGED _____ RECEIVED
JAN 10 2019
AT BALTIMORE
CLERK, U.S. DISTRICT COURT
DISTRICT OF MARYLAND
BY _____ DEPUTY

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

MICHAEL L. FISCHER,     *

Plaintiff     *

v     *     Civil Action No. ELH-19-0091
                                                                                         (Crim. Action No. ELH-14-595)

UNITED STATES OF AMERICA,     *

Defendant     *

***

## MEMORANDUM

On January 9, 2019, the Court received correspondence from Michael Fischer alleging that the Government failed to return "a 2012 Toshiba laptop, among other item(s)." ELH-19-0091, ECF 1. The correspondence was docketed as a Motion for Return of Property.

Fischer states that the Government "stipulated in the plea agreement . . . that all items removed and taken by the Government during the search of [Fischer's] home are to be returned" to Fischer or his wife. *Id.* Fischer reports that his wife retrieved some of the property from the Government, but when she inquired about additional property, the Government was not able to locate the property. *Id.* Fischer requests that the Court appoint counsel to assist him in having his property returned. *Id.*

The Court has reviewed Fischer's plea agreement, ELH-14-595, ECF 61, and is unable to find any reference to an agreement regarding the return of Fischer's property. To aid the Government in responding to his Motion, Fischer is directed to supplement his Motion by identifying where the alleged agreement about his property can be found. He should also identify all of the items at issue.

Additionally, Fischer has failed to pay the filing fee[1] or file a Motion for Leave to Proceed In Forma Pauperis. Before the case may proceed, he will be required to correct the oversight.

As to Fischer's request for counsel, under § 1915(e)(1), a Court of the United States may appoint an attorney to represent any person unable to afford counsel. It is unclear whether Fischer is unable to afford counsel, but, even assuming that he cannot afford counsel, a federal district court judge's power to appoint counsel under 28 U.S.C. § 1915(e)(1) is discretionary, and may be considered where an indigent claimant presents exceptional circumstances. *See Miller v. Simmons*, 814 F.2d 962, 966 (4th Cir. 1987); *Cook v. Bounds*, 518 F.2d 779 (4th Cir. 1975); *see also Branch v. Cole*, 686 F.2d 264 (5th Cir. 1982). Exceptional circumstances exist where a "pro se litigant has a colorable claim but lacks the capacity to present it." *Gordon v. Leeke*, 574 F.2d 1147, 1153 (4th Cir. 1978).

The Court has carefully reviewed Fischer's Motion and finds that he has demonstrated the wherewithal to either articulate the legal and factual basis of his claims himself or secure meaningful assistance in doing so. Therefore, no exceptional circumstances exist at this time that would warrant the appointment of an attorney to represent Fischer under § 1915(e)(1).

Fischer's request to appoint counsel is denied, without prejudice. Fischer is directed to supplement his Motion as detailed above. A separate Order follows.

Date: January 10, 2019        /s
                              Ellen L. Hollander
                              United States District Judge

---

[1] If Fischer elects to pay the full filing fee, the fee will be $400. If Fischer is granted leave to proceed in forma pauperis and charged monthly payments under the PLRA the payments shall not exceed $350.